THOMAS A. KILLOREN, Plaintiff-Appellee, v. BOZIDAR RACICH, Defendant-Appellant.

Second District    No. 2—92—1462

Opinion filed April 6, 1994.

John M. Nelson, of Rockford, for appellant.

Peter A. Savitski, of Rockford, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

This case involves an attempted rejection of an arbitration award under Supreme Court Rule 93(a) (134 Ill. 2d R. 93(a)). The defendant, Bozidar Racich, filed a timely notice of rejection of the award, but did not pay a $200 rejection fee within the 30-day rejection period. (See 134 Ill. 2d R. 93(a).) The trial court denied a motion to reconsider the judgment of the award, holding that Rule 93(a) required both (1) that a notice of rejection be filed within 30 days after filing of the award, and (2) that a $200 rejection fee be paid within the same 30-day period. The defendant appeals the trial court's denial of the motion to

reconsider the judgment. On appeal, the defendant argues that the trial court erred in holding that Rule 93(a) requires payment of the $200 rejection fee within 30 days to effectuate the rejection of an arbitration award. We affirm.

The parties have cited no cases, and we find none, directly on point. Thus, this is a case of first impression.

■ The resolution of the issue involved in this case requires an analysis of the construction of Rule 93(a). As stated in the committee comments to Supreme Court Rule 2 (134 Ill. 2d R. 2, Committee Comments), "the same principles that govern the construction of statutes are applicable to the rules." In analyzing Rule 93(a), our task is to ascertain, and give effect to, the intention of our supreme court, and that inquiry appropriately begins with the language of the rule. (See *Weingart v. Department of Labor* (1988), 122 Ill. 2d 1, 7.) "If the language is clear, the court must give it effect and should not look to extrinsic aids for construction." *Weingart*, 122 Ill. 2d at 7.

■ Rule 93(a) provides in pertinent part:

"Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties." 134 Ill. 2d R. 93(a).

■ After a careful review of Rule 93(a), we conclude that the language is clear as to the two requirements to reject an arbitration award. We conclude that in order to validly reject an arbitration award, not only does the notice of rejection of the award have to be filed within the 30-day period, but the $200 rejection fee must also be paid within that same 30-day period. (See 134 Ill. 2d R. 93(a).) By failing to pay the $200 to the clerk of the court within the prescribed time period, the defendant has waived his right to proceed to trial on the plaintiff's complaint.

Based on the foregoing, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

INGLIS, P.J., and McLAREN J., concur.