No. 3--96--1048

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

KENNETH WRIGHT and MARY C. ) Appeal from the Circuit Court

WRIGHT, ) for the 13th Judicial Circuit,

) LaSalle County, Illinois 

Plaintiff-Appellees, ) 

)

v. )

) 

DESATE, INC., et al., )

) 

Defendants, and )

)

SEARS ROEBUCK & COMPANY, )

) 

Defendant-Appellant, ) No. 92--L--352

Cross-Appellee. - ) 

)

SEARS ROEBUCK & COMPANY, )

)

Third-Party Plaintiff, )

)

v. )

)

SIGNAL DELIVERY SERVICE, ) 

INC., ) Honorable

) Louis J. Perona

Third-party Defendant. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court: 

_________________________________________________________________

In this appeal, we are asked to determine whether Supreme Court Rule 219(e) (Official Reports Advance Sheet No. 20 (Sept. 27, 1995), R. 219(e), effective Jan. 1, 1996) limits the plaintiff's right to a voluntary dismissal when the plaintiff voluntarily dismisses a suit to avoid the impact of discovery sanctions.  We are also asked to determine whether the written order set forth the reason for the sanction with sufficient detail to satisfy Supreme Court Rule 219(c)(Official Reports Advance Sheet No. 20 (Sept. 27, 1995), R. 219(c), effective Jan. 1, 1996) when it gave no specific reason for barring the witnesses' testimony.  We hold that Supreme Court Rule 219(e) permits a voluntary dismissal even when the dismissal is prompted by discovery sanctions.  We also hold that when considered in concert with the record, the written sanction order satisfies the statutory requirements of specificity under Rule 219(c).  Accordingly, we affirm
.

FACTS

Plaintiffs Kenneth and Mary Wright filed a complaint against defendant Sears Roebuck & Co. (Sears) and several other defendants after Kenneth was injured while unloading a truck at a Sears warehouse.  He alleged that Sears improperly packaged the boxes and failed to clean the trailer before loading it.  In the days leading up to the trial, the parties filed several motions.  In one of these written motions, Sears sought to bar testimony of two of the Wrights' expert witnesses because the Wrights had not responded to discovery requests in a timely manner.  Both parties filed briefs in support of their position on this motion.  
Without stating any basis for the determination in the written order, the trial court granted the motion.  Thereafter, the Wrights filed a written motion to reconsider.  At the conclusion of the hearing on this motion, the court stated:

"I think it should have been abundantly clear to the plaintiff, and I think I made it clear, that the case would not be continued beyond December and that it would be tried this year.  

And then to wait until the middle of November to notice up the evidence depositions of two essential witnesses seems to me to be a pretty fast and loose method of handling cases.  

I have never barred testimony before, but I think this case requires it and I am going to deny the motion to reconsider."

The Wrights then filed a motion to voluntarily dismiss their case, and that motion was granted over Sears's objection.  Both parties appeal.

DISCUSSION

The first question we must answer is whether Supreme Court Rule 219(e) bars a party from voluntarily dismissing a case when the movant's purpose for doing so is to avoid the impact of a discovery order. 

Rule 219(e) provides:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit.  In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." Official Reports Advance Sheet No. 20 (Sept. 27, 1995), R. 219(e), effective Jan. 1, 1996.

When interpreting Supreme Court Rules, we apply the same rules applicable to interpreting statutes.  
Arnett v. J.D. Young
, 269 Ill. App. 3d 858, 646 N.E.2d 1265 (1995).  A statute is considered ambiguous if it is susceptible to more than one reasonable interpretation. 
Snyder v. Olmstead
, 261 Ill. App. 3d 986, 634 N.E.2d 756 (1994).  If a statute or rule is ambiguous, a court may consider other sources, such as its Committee Comments, to ascertain the purpose of the rule.  
People v. Ross
, 267 Ill. App. 3d 711, 642 N.E.2d 914 (1994).  Although Committee Comments are not binding on this court, they may be used to determine the application of a rule.  
See 
People v. Plewka
, 27 Ill. App. 3d 553, 327 N.E.2d 457 (1975).    

The interpretation of Rule 219(e) appears to be an issue of first impression.  Sears suggests that the first sentence of Rule 219(e) prohibits dismissal if the purpose is to avoid the impact of a discovery order.  The Wrights suggest that rather than limiting a plaintiff's unfettered right to dismissal, the first sentence merely seeks to set forth the objective of the Rule.  The purpose of the Rule, they contend, is to prevent a plaintiff from avoiding any impact on future litigation by voluntarily dismissing the present case due to unfavorable rulings.  

We find that both of these suggested interpretations are reasonable.  Consequently, the Rule is ambiguous, and it is appropriate to consider the Committee Comments to the Rule to aid in interpreting it.  

The Committee Comments to Rule 219(e) state that the relevant portion of the Rule "does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal."  Official Reports Advance Sheet No. 20 (Sept. 27, 1995), R. 219(e), effective Jan. 1, 1996, Committee Comments, at 52.  Under existing law, a plaintiff has an absolute right to voluntarily dismiss a case prior to trial, subject only to limited conditions that are not applicable here.  
Gibellina v. Handley
, 127 Ill. 2d 122, 535 N.E.2d 858 (1989).  It is thus clear that we cannot interpret the Rule as imposing any limitation on a plaintiff's right to voluntarily dismiss a case.   Accordingly, we hold that the Rule does not limit the plaintiff's right to voluntarily dismiss a suit.  Thus, we affirm the trial court's ruling on this issue.

Sears argues that if we reject their proposed interpretation of rule 219(e), as we must, we should interpret the rule to require that every voluntary dismissal of a case be conditioned upon the plaintiff's agreement to be bound by previous discovery orders if the case is subsequently refiled.  We disagree.

The Rule requires courts, when making discovery rulings, to consider previously conducted discovery and previously entered discovery orders.  The Rule does not require, as a condition precedent to voluntary dismissal, that the plaintiff agree to be bound by prior discovery orders upon refiling the case.  Such a condition would clearly impose a limitation on the plaintiff's right to voluntarily dismiss.  As stated above, the Committee Comments indicate that the Rule was not intended to modify a plaintiff's right to voluntarily dismiss a case.  Rather, Rule 219(e) merely orders the consideration of prior discovery misconduct and previously entered discovery orders in a subsequently filed suit.  For these reasons, we must reject Sears's suggested interpretation of the Rule.

The second issue on appeal is whether the order barring the Wrights' experts from testifying must be vacated because it failed to specify the basis for the sanction. 

Supreme Court Rule 219(c) provides, in relevant part:

"Where a sanction is imposed under this paragraph (c), the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Official Reports Advance Sheet No. 20 (Sept. 27, 1995), R. 219(c), effective Jan. 1, 1996.

Since its effective date, only one reported case has applied this requirement in Rule 219(c).  In 
Chabowski v. Vacation Village Ass'n
, No. 2--96--0508, slip op. at 2 (April 10, 1997),
 the court acknowledged that the amendatory provision requires the trial court to give specific reasons for the imposition of discovery sanctions.  But the 
court recognized that the reasons for the sanction order dismissing the case were specifically mentioned in a written motion and supported by the record.  Thus, the court upheld the trial court's order and concluded that a court's failure to set forth the reason for a sanction in a written order is not 
per
 
se
 reversible error.  
Chabowski
, No. 2--96--0508, slip op. at 2 (April 10, 1997).  We agree.

Similarly, in the instant case, the trial court failed to identify the specific reason in the written sanction order for barring the witnesses' testimony.  But, the reasons for the sanction were specifically stated in the written motion to bar the testimony and the written reply to the motion to reconsider.  The Wrights failed to comply with discovery requests on numerous occasions and introduced two crucial expert witnesses only weeks before the scheduled trial date.  The trial court viewed this behavior as entirely unprofessional and clearly articulated, during the hearing on the motion to reconsider, that this conduct was the reason for the sanction.  Thus, to require the court to redraft the order merely to reflect this specifically mentioned reason is unnecessary as we can make an informed decision regarding the appropriateness of the order from the record.  Accordingly, we hold that the trial court's written sanction order, when considered in light of the record, satisfies the requirement of Rule 219(c).

For the foregoing reasons, the judgment of the circuit court of LaSalle County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.