SCOTT HEFNER, Special Adm'r of the Estate of Clarence Hefner, Deceased, Plaintiff-Appellee, v. OWENS-CORNING FIBERGLAS CORPORATION, Defendant-Appellant (M.H. Detrick, Inc., Defendant).

Fifth District   No. 5—96—0580

Opinion filed December 11, 1997.—Rehearing denied January 13, 1998.

Ruth E. VanDemark, of Law Offices of Ruth E. VanDemark, James R. Thompson and Bruce R. Braun, both of Winston & Strawn, both of Chicago, Raymond R. Fournie and Thomas B. Weaver, both of Armstrong, Teasdale, Schlafly & Davis, of St. Louis, Missouri, and Clyde M. Leff, of Granville, Ohio, for appellant.

Edward J. Kionka, of Carbondale, Charles Marshall, of St. Louis, Missouri, and Brocton Lockwood, of Marion, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Plaintiff Clarence Hefner brought suit against defendants Owens-Corning Fiberglas Corporation (OCF) and M.H. Detrick, Inc., to recover damages for personal injury resulting from plaintiff's occupational exposure to asbestos-containing products. Following trial, the jury returned verdicts in favor of plaintiff and against OCF and against plaintiff and in favor of defendant M.H. Detrick, Inc., which is not a party to this appeal. After Clarence Hefner's death, Scott Hefner was substituted as plaintiff. OCF appeals from the entry of judgment and award of prejudgment interest.

OCF raises the following issues: (1) whether the trial court erred as a matter of law in failing to grant a mistrial based on its loss of ju-

risdiction; (2) whether the trial court erred as a matter of law in denying OCF's motion for a directed verdict and for judgment *n.o.v.* on plaintiff's willful-and-wanton/punitive-damages claim; (3) whether the trial court abused its discretion in denying OCF's motions for a new trial; (4) whether the trial court abused its discretion in denying OCF's motion for remittitur; and (5) whether the trial court's award of prejudgment interest violated principles of equity and fairness and must be vacated. OCF also raises numerous related arguments within these five primary issues, which we will address in turn. We will discuss only those facts relevant to the issues raised on appeal.

Plaintiff filed suit against defendants on September 23, 1994. On November 14, 1994, plaintiff moved for an immediate trial setting because of his declining health. Thereafter, on November 16, 1994, OCF filed a motion to dismiss on the grounds of *forum non conveniens*. On December 9, 1994, the trial court denied OCF's motion to dismiss on the basis of *forum non conveniens* and granted plaintiff's motion for immediate trial, setting January 23, 1995, as the trial date. On January 10, 1995, OCF moved for reconsideration of the *forum non conveniens* motion. The trial court heard this motion on January 20, 1995, and denied it.

Also on January 20, 1995, OCF filed a motion to stay the trial proceedings pending a determination on its Supreme Court Rule 306 (155 Ill. 2d R. 306) petition for leave to appeal the trial court's order denying OCF's motion to reconsider. The trial court denied the motion for stay, OCF filed its petition for leave to appeal pursuant to Rule 306 on January 23, 1995, and the case proceeded to trial beginning on January 23, 1995.

On February 3, 1995, this court entered an order staying the trial proceedings. The record is not clear precisely when on February 3 the stay order was issued. Regardless, the trial court was not aware of the stay order when it was entered by this court. On that day, the jury began deliberations at 2:18 p.m. At approximately 5:30 p.m., the jury returned its verdicts. On February 6, 1995, a copy of this court's stay order was filed in the trial court.

On March 14, 1995, this court granted OCF's Rule 306 petition for leave to appeal, and on December 27, 1995, we affirmed the trial court's order. This court's mandate issued on May 16, 1996, and on May 20, 1996, the trial court entered judgment on the verdicts and awarded $1,571,174.72 in prejudgment interest.

■ OCF first argues that the circuit court lost jurisdiction when this court entered a stay at 1:23 p.m. on February 3, 1995, and that when jurisdiction revested in the trial court, the trial court erred in failing to grant defendant's motion for a mistrial. The decision of

whether or not to declare a mistrial rests within the sound discretion of the trial court, and the trial court will not be reversed on appeal unless that decision is a clear abuse of discretion. *Bianchi v. Mikhail*, 266 Ill. App. 3d 767, 777 (1994).

Initially, we note that while OCF argues that this court entered its stay at a certain time on February 3, 1995, it does not support this claim by citation to the record. OCF's only citation indicating that the stay was entered at 1:23 p.m. is to its own counsel's argument at the hearing on posttrial motions. Even assuming that this court entered its stay at 1:23 p.m. on February 3, 1995, OCF's jurisdictional argument is not meritorious.

At issue is whether the stay issued by this court immediately deprived the trial court of jurisdiction before the jury rendered its verdict, causing a mistrial.

The parties contest whether the stay was granted pursuant to Supreme Court Rule 305 (155 Ill. 2d R. 305) or Rule 306. OCF contends that because the stay was issued pursuant to Rule 306, it automatically and instantaneously deprived the trial court of jurisdiction when it was entered.

Plaintiff counters that the stay could only have been granted under Rule 305 and that a stay is not intended to be effective until notice of it is received by the clerk and counsel.

■ Rule 305 reads as follows in pertinent part:

"**Rule 305. Stay of Judgments Pending Appeal**

\*\*\*

(b) **Other Stays of Enforcements of Judgments and Appealable Orders.** On notice and motion, and an opportunity for opposing parties to be heard, the court may stay the enforcement of any judgment, or the enforcement, force and effect of interlocutory orders or any other judicial or administrative order. The stay shall be conditioned upon such terms as are just. A bond may be required in any case, and shall be required in money judgments or to protect an appellee's interest in property.

\*\*\*

(d) **Stays by the Reviewing Court.** Application for a stay ordinarily must be made in the first instance to the trial court. A motion for stay may be made to the reviewing court, or to a judge thereof, but such a motion must show that application to the trial court is not practical, or that the trial court has denied an application or has failed to afford the relief that the applicant has requested, and must be accompanied by suggestions in support of the motion and a supporting record (Rule 328), if the record on appeal has not been filed. If a stay is granted by the reviewing court or a judge thereof, the clerk shall notify the parties and transmit

to the clerk of the trial court or administrative agency a certified copy of the order granting the stay." 155 Ill. 2d R. 305.

■ Rule 306 reads as follows in pertinent part:

**"Rule 306. Appeals From Orders of the Circuit Court Granting New Trials and Granting or Denying Certain Motions**

(a) **Orders Appealable by Petition.** A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:

\*\*\*

(2) from an order of the circuit court denying a motion to dismiss on the grounds of *forum non conveniens,* or from an order of the circuit court allowing or denying a motion to transfer a case to another county within the State on such grounds;

\* \* \*

(f) **Stay; Notice of Allowance of Petition.** If the petition is granted, the proceedings in the trial court are stayed. Upon good cause shown, the Appellate Court or a judge thereof may require the petitioner to file an appropriate bond. Within 48 hours after the granting of the petition, the clerk shall send notice thereof to the clerk of the circuit court." 155 Ill. 2d R. 306.

■ The same principles that govern the construction of statutes are applicable to supreme court rules. *Killoren v. Racich,* 260 Ill. App. 3d 197, 198 (1994). In analyzing supreme court rules, our task is to ascertain, and give effect to, the intention of our supreme court, and that inquiry appropriately begins with the language of the rule. *Killoren,* 260 Ill. App. 3d at 198. If the language is clear, the court must give it effect and should not look to extrinsic aids for construction. *Killoren,* 260 Ill. App. 3d at 198.

■ Neither party disputes that the petition for leave to appeal was under Rule 306. OCF claims that the stay issued by this court was granted under Rule 306(f). We do not agree. The only way a stay can be granted under the plain language of Rule 306(f) is if and when the petition for leave to appeal is granted. In this case, the petition for leave to appeal was not granted until March 14, 1995, creating an automatic stay pursuant to Rule 306 at that time, not on February 3, 1995.

OCF argues that a Rule 306(f) stay is usually entered at the time the petition for leave to appeal is granted but that in this case the stay was issued first. OCF cites no authority for this proposition, and we can find no authority supporting this view. Therefore, we must conclude that there is no mechanism for this court to issue a stay pursuant to Rule 306 other than by granting a petition for leave to appeal. We decline to create for ourselves the power to grant Rule

306 stays independent of our granting a petition for leave to appeal, as we do not find this power to be contained in the supreme court rules.

■ Turning our attention to Supreme Court Rule 305, OCF points out that it is entitled "Stay of Judgment Pending Appeal" and makes other arguments designed to demonstrate Rule 305's inapplicability. However, the plain language of Rule 305(b) states, "[T]he court may stay the enforcement of any judgment[ ] or the enforcement, force[,] and effect of interlocutory orders or any other judicial or administrative order." 155 Ill. 2d R. 305(b). Plainly, Supreme Court Rule 305 provides a mechanism by which this court may issue stays irrespective of its granting petitions for leave to appeal.

■ Having found that only Rule 305 allows this court to grant stays such as that granted in the instant case, we now consider whether this stay deprived the trial court of jurisdiction when entered by this court on February 3, 1995. A stay order, or supersedeas, is generally considered as in the nature of a substitute for a bill in equity. *Cahokia Sportservice, Inc. v. Illinois Liquor Control Comm'n*, 32 Ill. App. 3d 801 (1975). The power to grant or refuse a stay appertains to equity in the enforcement of equitable principles and amounts to granting or refusing injunctive relief. *Cahokia Sportservice*, 32 Ill. App. 3d 801. Injunctions are not effective until the person against whom they operate have received actual notice. See *Stavros v. Karkomi*, 28 Ill. App. 3d 996 (1975) (where the court held that one may be bound by an injunctive order, although not formally named as a party to the lawsuit, so long as the requisite involvement and actual notice are established). We conclude that because stays, like injunctions, are equitable in nature, they do not take effect the instant the stay is entered, but they do take effect when the court receives notice of the stay. As applied to the instant case, the stay entered by this court did not deprive the trial court of jurisdiction on February 3, 1995, and the trial court did not abuse its discretion in not granting a mistrial.

Affirmed.

HOPKINS and GOLDENHERSH, JJ., concur.