RICHARD HORNBURG, Plaintiff and Counterdefendant-Appellee, v. CARMEN ESPARZA, Defendant and Counterplaintiff-Appellant (Susan Hornburg, Plaintiff-Appellee).

Third District    No. 3—99—0746

Opinion filed October 4, 2000.

---

Lisa E. Cowart (argued), of Meade, Engelberg & Associates, of Bedford Park, for appellant.

Scott R. Ellefsen, of O'Donnell, Murtaugh & Coghlan, of Chicago, for appellees.

PRESIDING JUSTICE SLATER delivered the opinion of the court:
Defendant and counterplaintiff Carmen Esparza filed a notice of rejection of an arbitration award in favor of plaintiff and counterde-

fendant Richard Hornburg and plaintiff Susan Hornburg. The trial court struck Esparza's rejection due to procedural defects and entered judgment on the arbitration award. Esparza now appeals and we affirm in part and reverse in part.

## Facts

This case arises from a motor vehicle accident that occurred on April 3, 1996, on Naperville Road in Bolingbrook, Illinois. According to plaintiffs' complaint, filed by attorney Douglas Ziech, Richard Hornburg and his wife Susan were injured as a result of a collision with a car driven by Esparza. Esparza filed a counterclaim for contribution against Richard as driver of the Hornburg vehicle. On October 29, 1998, Timothy Rathbun filed a supplemental appearance as attorney for the plaintiffs. On December 2, 1998, attorney Scott Ellefsen filed a general appearance on behalf of Richard Hornburg as counterdefendant and filed an answer to Esparza's counterclaim. Ellefsen subsequently filed a motion for a continuance, which was granted, and a motion to dismiss the counterclaim, which was later withdrawn.

An arbitration hearing was held on April 8, 1999. Although not entirely clear, the record indicates that four attorneys appeared at the hearing: Douglas Ziech represented Richard and Susan Hornburg; Brian Cichon, a member of Timothy Rathbun's firm, also apparently represented the Hornburgs; Scott Ellefsen represented Richard Hornburg on Esparza's counterclaim; and Michael Errera represented Esparza. At the conclusion of the hearing, the arbitrators ruled in favor of Richard Hornburg and against Esparza, awarding $5,000; ruled in favor of Susan Hornburg and against Esparza, awarding $27,000; and ruled in favor of Richard and against Esparza on Esparza's counterclaim for contribution.

On April 27, 1999, Esparza filed a notice of rejection of the arbitration award, along with a notice of filing, directed to the circuit court of Will County and attorney Douglas Ziech. No proof of service was filed with the notice of rejection or the notice of filing. There is no dispute, however, that the notices were received by the circuit court and by Ziech.

On May 24, 1999, the parties' attorneys appeared for a postarbitration status hearing. Ellefsen appeared on behalf of Richard Hornburg as counterdefendant. Ziech was not present, but Douglas Mraz, of the Rathbun firm, represented the Hornburgs as plaintiffs. Ellefsen or Mraz, or both, moved to strike Esparza's rejection of the arbitration award on the bases that notice had not been given to Ellefsen as counsel for Richard Hornburg and because Esparza failed to include a certificate of service with the notices that had been filed. The trial

court granted the motion to strike on those bases and entered judgment on the arbitration award. Esparza's subsequent postjudgment motion was denied and this appeal followed.

## Analysis

■■ ■ Generally, the decision to bar a party from rejecting an arbitration award is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. See *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 716 N.E.2d 809 (1999); *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 702 N.E.2d 254 (1998). Where, however, the issue involves an interpretation of the supreme court rules, it is a question of law subject to *de novo* review by this court. See *State Farm*, 299 Ill. App. 3d 1028, 702 N.E.2d 254. The rule at issue here states in part:

> "Rule 93. Rejection of Award
>
> (a) Rejection of Award and Request for Trial. Within 30 days after the filing of an award with the clerk of the court, and upon payment to the clerk of the court of the sum of $200 for awards of $30,000 or less or $500 for awards greater than $30,000, any party who was present at the arbitration hearing, either in person or by counsel, *may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties.*" (Emphasis added.) 166 Ill. 2d R. 93.

We first consider whether the trial court properly struck Esparza's rejection of the arbitration award for failure to file a certificate of service. Supreme Court Rule 93 requires filing of notice of rejection of an arbitration award with the clerk of the court, "together with a certificate of service of such notice on all other parties." 166 Ill. 2d R. 93(a). When Esparza filed her notice of rejection and notice of filing on April 27, 1999, no certificate of service was filed. The question is whether this defect was sufficient to warrant striking the notice of rejection and entering judgment against Esparza. We think not, for two reasons.

■ First, we note that "Rule 93(a) is only part of a comprehensive package of rules promulgated by the court to create a system of mandatory arbitration in Illinois. To give full effect to the overall legislative scheme, we cannot read the arbitration rules in a vacuum; we must attempt to harmonize the rules as a unified body of law." *Lollis v. Chicago Transit Authority*, 238 Ill. App. 3d 583, 587, 606 N.E.2d 479, 481 (1992). Supreme Court Rule 86, which establishes the mandatory arbitration system, specifically provides that the Code of Civil Procedure (735 ILCS 5/1—101 *et seq.* (West 1994)) and the rules of the supreme court are applicable to arbitration proceedings. 155 Ill. 2d R.

86; see *Weisenburn v. Smith*, 214 Ill. App. 3d 160, 573 N.E.2d 240 (1991). Therefore, because Rule 93 is silent regarding the effect of a party's failure to file a certificate of service, we consider Supreme Court Rule 104, which addresses the service and filing of pleadings and other papers. Much like the certificate of service requirement of Rule 93, Rule 104 provides that pleadings, written motions and other papers required to be filed shall include a certificate of counsel or other proof that copies have been served on all parties. 134 Ill. 2d R. 104(b). Unlike Rule 93, however, Rule 104 explains the consequences of noncompliance:

> "(d) Failure to Serve Copies. Failure to deliver or serve copies as required by this rule does not in any way impair the jurisdiction of the court over the person of any party, but the aggrieved party may obtain a copy from the clerk and the court shall order the offending party to reimburse the aggrieved party for the expense thereof." 134 Ill. 2d R. 104(d).

This provision has been relied on in finding that a motion to reconsider lacking a certificate of service was not invalid or rendered untimely. See *Lajato v. AT&T, Inc.*, 283 Ill. App. 3d 126, 669 N.E.2d 645 (1996). Similarly, we do not believe that failure to provide the certificate of service required by Rule 93 should be fatal. "Statutory provisions related to the same subject matter should be construed harmoniously where possible." *Weisenburn*, 214 Ill. App. 3d at 164, 573 N.E.2d at 243. Accordingly, in construing Rules 93 and 104 harmoniously, we find that the failure to provide a certificate of service does not invalidate a notice of rejection of an arbitration award under Rule 93.

■ Second, to the extent that noncompliance with Rule 93 *could* merit striking a notice of rejection (see, *e.g.*, *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 689 N.E.2d 171 (1997) (trial court properly struck rejection of arbitration award where notice of rejection was signed by nonattorney); *Killoren v. Racich*, 260 Ill. App. 3d 197, 632 N.E.2d 621 (1994) (notice of rejection was invalid where defendant failed to timely pay $200 fee)), we hold that such an extreme measure was not warranted by defendant's failure to file a certificate of service. There is no claim that plaintiffs did not receive *actual* notice or that plaintiffs were prejudiced or even inconvenienced in any way. Under such circumstances, we believe that entering judgment against the defendant would be an abuse of discretion. See *Easter Seal*, 307 Ill. App. 3d at 51, 716 N.E.2d at 812.

We now consider the other basis upon which the trial court struck Esparza's rejection of the arbitration award: failure to give notice to Ellefsen, who was acting as counsel for Richard Hornburg in his capac-

ity as counterdefendant. Rule 93 requires that notice of the rejection of an arbitration award is to be given to all other "parties." 166 Ill. 2d R. 93. Richard Hornburg contends that Esparza failed to comply with the rule because only Douglas Ziech was notified of the rejection. Although Ziech was Richard's attorney in his capacity as plaintiff, Richard had separate counsel representing him in his role as counterdefendant. Thus, according to Richard, plaintiff Richard and counterdefendant Richard are two legally distinct "parties," each of whom was entitled to notice.

■ Supreme Court Rule 11, which governs the manner of serving papers other than process and complaint, states that if a party is represented by an attorney of record, service is to be made upon the attorney. 145 Ill. 2d R. 11(a). Rule 11 further provides that "[w]hen more than one attorney appears for a party, service of a copy upon one of them is sufficient." 145 Ill. 2d R. 11(c). However, Rule 11 establishes the *minimum* requirements, and "[p]rofessional courtesy often requires serving more than one copy on an attorney representing more than one party and serving more than one attorney for the same party." 145 Ill. 2d R. 11, Committee Comments, at xiii. This is not a case where more than one attorney from the same firm represented a party or where there was a local or referring attorney and a lead attorney. In those situations, service on one attorney would be sufficient. Here, Ziech represented the Hornburgs as plaintiffs and Ellefsen represented Richard Hornburg as a counterdefendant. Each attorney's role was distinct, and each represented separate interests. Under such circumstances, service on one attorney cannot qualify as service on the Hornburgs for all purposes.

We recognize, of course, that the committee comments to the supreme court rules are not binding. *Wright v. Desate, Inc.*, 292 Ill. App. 3d 952, 686 N.E.2d 1199 (1997). They are, however, persuasive authority that may be used in applying and interpreting an ambiguous statute or rule. *People v. Ross*, 168 Ill. 2d 347, 659 N.E.2d 1319 (1995); *Wright*, 292 Ill. App. 3d 952, 686 N.E.2d 1199. We believe that Rule 11 is ambiguous concerning the proper manner of service when a party is represented by more than one attorney, each of whom represents that party in a separate legal capacity. We find that under such circumstances, both "professional courtesy" and every attorney's inherent duty to act in good faith and maintain high standards of integrity require service on both attorneys. Accordingly, the trial court's ruling striking Esparza's rejection of the arbitration award is affirmed as to Esparza's counterclaim against Richard Hornburg. However, because Ziech was served with notice of the rejection, we reverse the court's order striking the rejection of the arbitration award to plaintiffs, and we remand for further proceedings.

For the reasons stated above, the judgment of the circuit court, which struck Esparza's rejection and entered judgment on the arbitration award, is affirmed as to Esparza's counterclaim for contribution, but is reversed and remanded as to plaintiffs' claim against Esparza.

Affirmed in part and reversed in part; cause remanded.

HOMER and LYTTON, JJ., concur.