No. 2--04--0279

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

LIEBOVICH STEEL AND ALUMINUM ) Appeal from the Circuit Court

COMPANY,     ) of Winnebago County.

     )

Plaintiff-Appellee, )

) 

v. ) No. 03--AR--446

)

ADVANCE IRON WORKS, INC., ) Honorable

) Timothy R. Gill,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Advance Iron Works, Inc., appeals from an order striking its notice of rejection of an arbitration award because it did not pay the correct rejection fee under Supreme Court Rule 93(a) (166 Ill. 2d R. 93(a)).  Defendant argues that the trial court erred by striking the notice, because it inadvertently paid the wrong rejection fee amount.  We affirm.

Defendant, a steel fabricating company, ordered steel materials from plaintiff, Liebovich Steel and Aluminum Company.  On April 23, 2003, plaintiff sued defendant seeking payment of defendant's outstanding account balance.  On December 15, 2003, 
after a mandatory arbitration, the arbitrators found for plaintiff and awarded $44,331.31 in damages plus $173.12 in costs.  An administrator of the circuit court's mandatory arbitration program sent a copy of the award to the parties' counsels.  Enclosed with the award was a notice stating that the matter was placed on the "arbitration judgment call" and that the next hearing was scheduled for January 27, 2004.  The notice also indicated that, at the January 27 hearing, if no rejection of the award had been timely filed, any party could appear and move the court to enter judgment on the award.  Additionally, the notice stated that, if a party elects to reject the award, "the rejection fee is $200 for awards of $30,000 or less and $500 for awards greater than $30,000."

On January 14, 2004, defendant filed a notice of rejection of the arbitration award.  When defendant's counsel filed the notice, the deputy court clerk informed her that the rejection fee was $200.  Counsel paid $200 and obtained file-stamped copies of the notice.  We note that the only support in the record for defendant's account of filing the notice is in its motion to vacate the judgment and, subsequently, in its appellate brief.  Defendant's counsel did not file an affidavit describing what occurred.

At the January 27 hearing, defendant's counsel did not appear due to a snowstorm.  The trial court concluded that defendant had not paid the proper rejection fee under Rule 93(a), dismissed the rejection notice, and entered judgment on the arbitration award.  Defendant moved the court to vacate the judgment, arguing that it inadvertently paid the incorrect rejection fee.  The court denied the motion.  Defendant appeals.  

On appeal, defendant argues that the trial court erred by striking its notice of rejection of the arbitration award because it paid the wrong rejection fee under Rule 93(a).  It contends that it paid the amount that it was directed to pay by the deputy court clerk and that plaintiff was not prejudiced by the incorrect payment.  Our review of this issue involves construing a supreme court rule, and, therefore, we conduct a 
de novo
 review
.  
Hornburg v. Esparza
, 316 Ill. App. 3d 801, 804 (2000)
.

To exercise a party's right to reject an arbitration award, the party must follow Rule 93.  Specifically, that rule provides:

"Within 30 days after the filing of an award with the clerk of the court, and upon payment to the clerk of the court of the sum of $200 for awards of $30,000 or less or $500 for awards greater than $30,000, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties."  166 Ill. 2d R. 93(a)
.

In 1996, Rule 93(a) was amended to include the different rates of rejection fees depending on the arbitration award amount.  166 Ill. 2d R. 93(a).  Originally, the rule provided for 
a single rejection fee of $200
.  145 Ill. 2d R. 93(a).  When reviewing the previous version of Rule 93(a), this court concluded that, to validly reject an arbitration award, a party was required to file the notice rejecting the award and pay the rejection fee 
within the 30-day period after the award was filed.  
Killoren v. Racich
, 260 Ill. App. 3d 197, 198 (1994).  In 
Killoren
, the defendant timely filed a notice of rejection of the award but did not pay the $200 rejection fee within the 30-day period.  
Killoren
, 260 Ill. App. 3d at 197.  We determined that 
the two requirements in Rule 93(a) were clear and must be complied with during the rejection period or the party waives its right to proceed to a trial.  
Killoren
, 260 Ill. App. 3d at 198.  We find no reason to deviate from the holding in 
Killoren
 in the present case.

Relying on 
Hornburg
, defendant argues that its counsel's mistake in filing the wrong fee does not warrant striking the notice of rejection.  In 
Hornburg
, the defendant filed a notice of rejection of the arbitration award but did not file a certificate of service as required by Rule 93(a).  
Hornburg
, 316 Ill. App. 3d at 803. 
 Apparently, the defendant paid the appropriate rejection fee.  An opposing party moved to strike the notice, arguing, in part, that no certificate of service was filed.  
Hornburg
, 316 Ill. App. 3d at 803. 
 The trial court granted the motion.  
Hornburg
, 316 Ill. App. 3d at 803-04. 
 

On appeal, the appellate court held that the notice should not have been stricken because the certificate of service had not been filed.  
Hornburg
, 316 Ill. App. 3d at 805. 
 In reaching that resolution, the 
Hornburg
 court harmonized Rule 93 with Supreme Court Rule 104 (134 Ill. 2d R. 104)
, which addresses the service and filing of pleadings and other papers.  
Hornburg
, 316 Ill. App. 3d at 805. 
 Rule 104 expressly provides that, if a party fails to deliver or serve copies as required by the rule, jurisdiction will not be impaired.  As the failure to file a certificate of service was not fatal under Rule 104, the 
Hornburg
 court 
held that the failure to file a certificate of service did not invalidate the notice of rejection of an arbitration award under Rule 93.  
Hornburg
, 316 Ill. App. 3d at 805. 
 As further support, the court noted that the opposing parties did not claim that they did not receive actual notice of the rejection.  
Hornburg
, 316 Ill. App. 3d at 805. 
 

Contrary to defendant's claim, we find the holding in 
Hornburg
 distinguishable.  In concluding that the lack of a certificate of service was not fatal to the notice of rejection, the 
Hornburg
 court primarily relied on another supreme court rule that had been interpreted as providing that a pleading was valid even if it lacked a certificate of service.  The court reasoned that Rule 93 should be construed in a manner consistent with the other supreme court rules.  However, in this case, defendant does not point to a rule or statute that might permit the noncompliance with the rejection fee requirement.  Instead, we determine that the holding in  
Killoren
 is controlling.

In the present case, regardless of what defendant's counsel 
may have been told by the deputy court clerk, 
the record reflects that counsel should have been aware of the appropriate rejection fee.  For instance, the rejection fee amounts were clearly stated in Rule 93(a), and strict adherence to the supreme court rules is required (
County of Cook v. Illinois Labor Relations Board Local Panel
, 347 Ill. App. 3d 538, 556 (2004)).  Moreover, the requirements of Rule 93(a) were also summarized in the notice of the award sent to both counsels.  When one acts upon the advice of a deputy court clerk, he or she does so at his or her own risk.  
Hogan & Farwell, Inc. v. Meitz
, 45 Ill. App. 3d 216, 222 (1976).  If counsel was uncertain about what the appropriate rejection fee was, she could have consulted either Rule 93 or the notice of the award.  She failed to do so.  Under these circumstances, we uphold the trial court's order striking the rejection of the arbitration award.  

Additionally, defendant argues that the trial court erred by 
sua sponte
 entering judgment on the arbitration award
.  It argues that, under Supreme Court Rule 92(c) (155 Ill. 2d R. 92(c)), the trial court can enter a judgment on an arbitration award only pursuant to a motion by a party.  Relying on 
George v. Ospalik
, 299 Ill. App. 3d 888, 891 (1998), it argues that, because plaintiff did not formally move the court to enter judgment at the January 27 hearing
, we must vacate the judgment.

Interestingly, defendant's counsel did not attend the January 27 hearing,
 and no verbatim transcript, stipulation, or other report of proceedings from that hearing appears in the record.  In the order, the trial court simply indicated that "judgment on the arbitration award is entered in favor of the plaintiff."  To support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record.  
Webster v. Hartman
, 195 Ill. 2d 426, 432 (2001).  Where the issue on appeal relates to what occurred at a hearing, the issue is not subject to review absent a report or record of the proceeding; instead, absent a record, it is presumed that the order entered by the trial court conforms with the law and had a sufficient factual basis.  
Webster
, 195 Ill. 2d at 432. 
 Therefore, based on the record before us, we must presume that the judgment was entered properly.

Finally, defendant argues that the arbitration award was erroneous and, particularly, that interest should not have been awarded.  However, by not properly rejecting the arbitration award, defendant cannot proceed to trial on the complaint.  See 
Williams v. Dorsey
, 273 Ill. App. 3d 893, 902 (1995); 
Yanan v. Ewing
, 205 Ill. App. 3d 96, 102 (1990).  Defendant waived its right to a review of the merits of the arbitration award, and we will not consider its argument.  

Based on the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

O'MALLEY, P.J., and GROMETER, J., concur.