66

JACK LIGHTHART, Plaintiff-Appellee, v. STELLA PEVSNER *et al.*, as Co-Executors of the Estate of Leo Pevsner, Deceased, *et al.*, Defendants-Appellants.

First District (1st Division) No. 86—558

Opinion filed June 15, 1987.

Wildman, Harrold, Allen & Dixon, of Chicago (Donald M. Flayton and Randy J. Curato, of counsel), for appellants.

John J. Henely, Ltd., of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This interlocutory appeal arises out of a cause of action filed on April 16, 1981, by plaintiff, Jack Lighthart, alleging common law negligence against defendants, Dr. Leo Pevsner and The Irving-Itasca Industrial Medical Clinic, Inc. (the clinic). Following Dr. Pevsner's death during the pendency of the lawsuit, Stella Pevsner, decedent's wife, and American National Bank and Trust Company (the bank) were appointed as special administrators[1] of Dr. Pevsner's estate and substituted as parties defendant.

---

[1]Pursuant to defendants' motion, this designation was subsequently amended to "co-executors."

On Friday, February 21, 1986, prior to commencement of *voir dire*, the trial court granted plaintiff's oral motion for voluntary dismissal of the co-executors with the express intent that the clinic remain as sole defendant. When the clinic asked if the dismissal of the co-executors was with prejudice, the court replied that it was. On Monday, February 24, 1986, the February 21 order granting dismissal of the co-executors was reduced to writing and entered. As written, the order stated, *inter alia*, that the dismissal of the co-executors was "with prejudice," effective *nunc pro tunc* to February 21, 1986.

At the same proceeding, predicated on the dismissal of the co-executors with prejudice, defendant clinic then moved for summary judgment, arguing that the complaint did not contain any theory against the clinic which would relate the clinic to the actions of Dr. Pevsner. In response, plaintiff moved to add an allegation that Dr. Pevsner had been president, an officer of the medical corporation, and had acted as the clinic's agent. The trial court denied the summary judgment motion, stating that the complaint had alleged a fiduciary relationship between Dr. Pevsner and the clinic. However, the court further allowed plaintiff to amend the complaint to resolve any ambiguity with respect to the alleged fiduciary relationship.

Following denial of its summary judgment motion, the clinic clarified with the court that the cause of action against the clinic was predicated solely on the clinic's alleged derivative liability for any alleged acts or omissions of Dr. Pevsner. When the court agreed, the clinic moved to dismiss the action on the ground that once the co-executors were dismissed with prejudice, the doctrines of *res judicata* and collateral estoppel barred plaintiff from asserting derivative liability against the clinic.

The trial court concurred with defendant's application of the law, but stated that when the February 21 order was amended *nunc pro tunc* by the first February 24 order to add the words "with prejudice," it had not been the intention of either the court or plaintiff to dismiss the entire cause of action. Accordingly, in the interests of justice, the trial court entered a second February 24 order which vacated the first February 24 order and reinstated the oral February 21 order, amended to add the language "without prejudice" plus a statement that plaintiff agreed not to refile an action against Dr. Pevsner's estate. As a result, defendant moved for a mistrial and also requested that the court add the "final and appealable" language of Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) to its second February 24 order. The court granted the motion and

defendant's interlocutory appeal followed.

On appeal, defendant contends that: (1) the trial court erred and abused its discretion in vacating the order dismissing the co-executors with prejudice and denying the clinic's motion to dismiss; and (2) the voluntary dismissal of the co-executors with prejudice acted as an adjudication on the merits and thus, pursuant to the doctrines of *res judicata* and collateral estoppel, plaintiff was barred from asserting a derivative claim against the clinic. For the reasons that follow, we affirm the second February 24 order entered by the circuit court.

■■ Defendant first contends that the trial court abused its discretion when it permitted plaintiff to voluntarily dismiss the co-executors without prejudice after a jury had been selected without making the requisite showing under section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)).

Section 2—1009(a) states, in pertinent part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, the supreme court held that when no jury has been selected, no prospective jurors have been examined or sworn, and counsel has made no opening statement, a trial for purposes of section 2—1009(a) has not begun. In the present case, defendant's statement that plaintiff's voluntary dismissal was granted after a jury had been selected is incorrect. The transcript of the proceedings held on Friday, February 21, 1986, indicates that plaintiff's request for voluntary dismissal was made and granted prior to *voir dire*. Later that day, *voir dire* commenced and a jury was selected. When pretrial motions were continued on Monday, February 24, 1986, the court's verbal order of February 21 was reduced to writing and entered. Therefore, contrary to defendant's presentation of the facts, no prospective jurors had been examined or sworn prior to plaintiff's voluntary dismissal of the co-executors. Accordingly, we conclude that the trial court properly allowed plaintiff to voluntarily dismiss the co-executors.

■ Defendant further argues that "although the trial court had the power to amend the [February 21] order in this case, it abused its discretion in doing so" because the sole reason for the trial court's decision to delete the language "with prejudice" was "to

avoid application of the law." While the record supports defendant's statement regarding the trial court's rationale for changing the order to read "without prejudice," defendant offers no legal support for his claim that the court abused its discretion.

Supreme Court Rule 304(a) expressly authorizes the trial court, in the absence of a "final and appealable" finding, to revise judgments that adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties *** at any time before the entry of a judgment of adjudicating all the claims, rights, and liabilities of all the parties." (103 Ill. 2d R. 304(a)). In the present case, neither the verbal February 21 order dismissing the co-executors nor the first written February 24 order contained the requisite final and appealable finding. Further, neither order resolved all of the rights of all of the parties. Therefore, pursuant to Rule 304(a), we conclude that the trial court acted within its authority when it vacated the first February 24 order and reinstated the February 21 order so as to reflect the intent of the parties at the time the oral motion was granted.

Our decision that the trial court did not abuse its discretion obviates the need to address the remaining issues as to whether dismissal of the co-executors with prejudice acted as an adjudication on the merits and consequently barred any derivative claim against the clinic pursuant to the doctrines of *res judicata* and collateral estoppel.

For the aforementioned reasons, we affirm the second "without prejudice" order of February 24, 1986, which vacated the first "with prejudice" order of February 24, 1986, and reinstated the February 21 order.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.