KAREN CUMMINGS, Adm'x of the Estate of Morris Cummings, Jr., *et al.*, Plaintiffs-Appellees, v. RICHMOND H. SIMMONS *et al.*, Defendants (Passavant Area Hospital Association, Defendant-Appellant).—KAREN CUMMINGS, Adm'x of the Estate of Morris Cummings, Jr., *et al.*, Plaintiffs-Appellees, v. RICHMOND SIMMONS *et al.*, Defendants-Appellants.

Fourth District   Nos. 4—87—0571, 4—87—0614 cons.

Opinion filed March 30, 1988.

John C. Shepherd and Kathleen L. Pine, both of Shepherd, Sandberg & Phoenix, P.C., of St. Louis, Missouri, for appellant Passavant Area Hospital Association in Jacksonville, Illinois.

Delmer R. Mitchell and Mark P. Miller, both of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellants.

Gary E. Peel, of Edwardsville, and Marc P. Weinberg, of Goldenhersh Law Offices, of East St. Louis, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On July 28, 1987, the circuit court of Morgan County granted plaintiff Karen Cummings' motion to voluntarily dismiss her complaint pursuant to section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). Defendants, Drs. Richmond Simmons, Robert M. Roy, Jr., and Lemuel G. Villanueva, Jacksonville Ob-Gyn Associates, S.C. (Jacksonville Associates), and Passavant Area Hospital Association in Jacksonville, Illinois (Passavant), appeal the trial court's order, contending dismissal was improper because trial of the cause had begun. We are asked to decide whether trial had commenced for purposes of section 2—1009.

The facts are undisputed. Plaintiff's complaint as amended alleged the doctors and Jacksonville Associates negligently failed to treat plaintiff's alleged condition of incompetent cervix which resulted in the premature birth and subsequent death of her child, Morris Cummings, Jr., on June 2, 1982. The counts against Passavant alleged negligence on the theory that the doctors were acting as Passavant's agents. Additional counts directed against each defendant requested damages based upon decedent's pain and suffering, and further requested reimbursement of decedent's medical expenses.

Trial was scheduled for July 27, 1987. On that date, plaintiff filed a motion to amend the complaint by interlineation, requesting to add certain allegations to the counts against Passavant. The disposition of this motion is unclear from the record. Apparently, it was denied.

On July 27, 1987, jurors were summoned to the courtroom and examined by the court and the attorneys for the parties. Four jurors were sworn that day. The court then recessed and asked the jurors to return the following day.

On July 28, 1987, plaintiff filed another motion to amend the com-

plaint by interlineation, adding certain allegations to the counts against the physicians. The disposition of this motion is also unclear from the record.

Before any further examination of jurors took place on July 28, 1987, plaintiff orally moved for voluntary dismissal of her entire case. The trial judge queried whether trial had begun, but dismissed the action without prejudice, finding the court had no discretion to deny plaintiff's motion. A written order was filed July 28, 1987. All defendants appealed the granting of plaintiff's motion for voluntary dismissal. Plaintiff cross-appealed the denial of its motion to amend by interlineation. The cross-appeal was dismissed November 24, 1987.

The sole issue presented for review is whether trial had begun for purposes of section 2—1009. Plaintiff essentially argues trial begins when evidence is presented. Defendants contend jury selection is part of trial.

■ Voluntary dismissal is governed by section 2—1009 of the Code, which states:

> "Voluntary dismissal. (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent.
>
> (b) Counterclaimants and third-party plaintiffs may dismiss upon the same terms and conditions as plaintiffs." Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.

This statute and its former version, section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52), were designed to correct abuses possible under a predecessor statute, which allowed a plaintiff who feared an unfavorable result to voluntarily dismiss the proceedings at any time before the jury retired or, in a bench trial, before the case was submitted for decision. (Ill. Rev. Stat. 1931, ch. 110, par. 70; see *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 711, 415 N.E.2d 1196, 1199.) The legislative history of section 52 of the Civil Practice Act indicates the section, as originally drafted, permitted plaintiff to dismiss his action as of right no later than the time of defendant's answer or motion attacking the complaint. (See Com-

ment, *The Vanishing Right of a Plaintiff to Voluntarily Dismiss His Action*, 9 J. Marshall J. Prac. & Proc. 853, 855 n.8 (1976).) Although the Senate approved this version, the House amended the section to require that the motion be made before trial or hearing begins. (58th Ill. Gen. Assem., House Journal, 1933 Sess., at 1010.) The resulting statute reflected a compromise between two views: the view that a plaintiff has an unfettered ability to dismiss his case, and the view that the inconvenience and expense suffered by a defendant can thwart a plaintiff's right of dismissal. *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 711, 415 N.E.2d 1196, 1199.

■ The right of a plaintiff to voluntarily dismiss his case is absolute once he complies with section 2—1009. (*Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322.) Whether a trial or hearing has begun is not a matter of discretion but a substantial legal question which determines whether the court erred by not deciding if any conditions should have been imposed on the dismissal. *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.

■ The Code does not define the term "trial." In determining whether trial has begun for purposes of section 2—1009, Illinois courts have looked to certain factors. In *Gilbert v. Langbein* (1951), 343 Ill. App. 132, 98 N.E.2d 140, voluntary dismissal was ruled inappropriate where jury selection and an opening statement had been made. Voluntary dismissal was ruled inappropriate after the jury had been examined and sworn in *Wilhite v. Agbayani* (1954), 2 Ill. App. 2d 29, 118 N.E.2d 440.

In *Cosmopolitan National Bank v. Goldberg* (1959), 22 Ill. App. 2d 4, 159 N.E.2d 1, the court combined the *Gilbert* and *Wilhite* rationales. In *Cosmopolitan*, the parties appeared ready for trial on the scheduled date. While jurors were being summoned, counsel and the judge discussed the litigation in chambers. As a result of this discussion, the court gave the defendant 10 days in which to file an amended affidavit, and plaintiff was given 10 additional days in which to reply. Within this period, plaintiff appeared in court with a motion to voluntarily dismiss without prejudice. The court granted the motion. In determining that trial had not begun, the court stated the mere summoning of the jury did not constitute a trial. However, if jurors were examined and sworn, and plaintiff's counsel had made an opening statement, trial had begun. Since none of these events had occurred, dismissal was proper. See also *Jost v. Hill* (1964), 51 Ill. App. 2d 430, 201 N.E.2d 468 (since dismissal was requested prior to jury selection, voluntary dismissal of two counts of the complaint was proper).

The supreme court adopted the *Cosmopolitan* reasoning in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787. On the trial date, motions were heard during the morning session. After a noon recess, and before the jury had been selected, plaintiff moved for voluntary dismissal under section 2—1009. In rejecting the defendant's argument that trial had begun when the preliminary motions were heard, the supreme court looked to the fact that no jury had been selected, no prospective jurors had been examined or sworn, and counsel had made no opening statement in determining trial had not begun. See also *Lighthart v. Pevsner* (1987), 157 Ill. App. 3d 66, 510 N.E.2d 84 (granting of motion for voluntary dismissal was proper when made before *voir dire*).

■ While no case addresses whether a panel of four jurors constitutes a jury for purposes of section 2—1009 analysis, we need not determine whether a jury existed, since *Kahle* states that the examination of prospective jurors is an indicator trial has begun. It is clear from the record that the proceedings on July 27, 1987, concerned the examination and swearing in of jurors. Under the rationale of *Kahle*, trial had begun when plaintiff moved to dismiss her case July 28.

As a practical matter, jury selection can take days, weeks, or months. To allow plaintiff to dismiss her cause of action after *voir dire* has begun and before all 12 jurors are sworn in can result in abuse analogous to that designed to be corrected by section 2—1009. Under plaintiff's theory, a plaintiff who had expended all his peremptory challenges could move for voluntary dismissal in the later stages of jury selection if the remaining jurors were not to his liking. This would result in a waste of judicial resources as well as the resources of the parties. While inconvenience may occur in our adversary system (*Kahle*, 104 Ill. 2d at 305, 472 N.E.2d at 789), we are not persuaded the legislature intended that section 2—1009 should cause this kind of result.

Plaintiff cites in support of her position a number of cases outside this jurisdiction. We need not consider those cases, as they arise under statutory provisions different from that in effect in this State. Our legislature may wish to consider amending section 2—1009 to provide guidance in future cases.

●5 Defendants have contended the proper course of action upon reversal of this case is to direct the trial court to enter judgment in their favor. We disagree. In support defendants cite *Gilbert v. Langbein* (1951), 343 Ill. App. 132, 98 N.E.2d 140, and *Wilhite v. Agbayani* (1954), 2 Ill. App. 2d 29, 118 N.E.2d 440. In each case, the defendant had filed a motion for directed verdict prior to the granting

of the plaintiffs' motions for voluntary dismissal. Here, none of the defendants filed a motion for a directed verdict at any time prior to dismissal. We reverse the order of the circuit court of Morgan County and remand for further proceedings.

Reversed and remanded.

McCULLOUGH and LUND, JJ., concur.