FERNE KILPATRICK *et al.*, Plaintiffs-Appellees, v. FIRST CHURCH OF THE NAZARENE, Defendant-Appellant.

Fourth District   No. 4—88—0073

Opinion filed December 15, 1988.

Heyl, Royster, Voelker & Allen, of Peoria (Robert V. Dewey and Karen L. Kendall, of counsel), for appellant.

James Walker, Ltd., of Bloomington, for appellees.

JUSTICE LUND delivered the opinion of the court:

Plaintiffs Ferne Kilpatrick and Raymond Kilpatrick moved for a voluntary dismissal under the authority of section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). The motion followed the granting of a mistrial attributed to the conduct of plaintiffs' attorney and also following the denial of a motion for change of trial judge. The motion was granted over defendant's objections. Defendant appeals.

This case has a history of conflict. The first trial was commenced in November 1986 with the selection of four jurors. The second trial in 1987, which resulted in the mistrial, proceeded into the evidentiary stage.

Section 2—1009 of the Code provides, in relevant part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by

affidavit or other proof." Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a).

## I

Defendant argues that the proceeding in November 1986 was the commencement of the trial and, thus, plaintiffs' absolute right to dismissal is lost. On November 17, 1986, jury selection commenced in the case. After accepting the first panel of four jurors, plaintiffs tendered it to defendant. During defendant's *voir dire*, a dispute arose as to the presence of the issue of comparative fault in the case. Ultimately, plaintiffs' motion for a continuance was granted, the trial setting being vacated.

■ The general rule in Illinois is that a plaintiff can voluntarily dismiss his action without prejudice any time before trial begins. (*Williams v. Joliet Mass Transit System* (1983), 114 Ill. App. 3d 1004, 1005, 449 N.E.2d 1042, 1043.) However, the question of whether a trial has begun is not a matter of discretion but a substantial legal question. (*Cummings v. Simmons* (1988), 167 Ill. App. 3d 544, 547, 521 N.E.2d 634, 636.) In arguing the trial has commenced, defendant relies on *Cummings*. In *Cummings*, four jurors were sworn before plaintiff moved for a voluntary dismissal, which was granted. On appeal, this court reversed. After reviewing the case law and the legislative purpose, we held that once jury selection has commenced, a trial has begun, and the right to a section 2—1009 dismissal is curtailed. We stated:

> "As a practical matter, jury selection can take days, weeks, or months. To allow plaintiff to dismiss her cause of action after *voir dire* has begun and before all 12 jurors are sworn in can result in abuse analogous to that designed to be corrected by section 2—1009. Under plaintiff's theory, a plaintiff who had expended all his peremptory challenges could move for voluntary dismissal in the later stages of jury selection if the remaining jurors were not to his liking. This would result in a waste of judicial resources as well as the resources of the parties. While inconvenience may occur in our adversary system (*Kahle*, 104 Ill. 2d at 305, 472 N.E.2d at 789), we are not persuaded the legislature intended that section 2—1009 should cause this kind of result.
>
> *** Our legislature may wish to consider amending section 2—1009 to provide guidance in future cases." *Cummings*, 167 Ill. App. 3d at 548, 521 N.E.2d at 637.

■ Defendant argues the present case is identical with *Cum-*

*mings* since in the present case, plaintiffs accepted four jurors in November 1986. It, therefore, asserts the absolute right to dismissal is lost. Plaintiffs, in their 1½ pages of argument, make no reference to this argument.

Defendant's argument fails to address the distinction between the present case and *Cummings.* This case was continued after the four jurors were chosen and the voluntary dismissal occurred over one year later. In *Cummings,* plaintiff moved for dismissal in the middle of *voir dire.* Defendant's position seems to be that once something has occurred which can be construed as commencement of trial, the right to dismissal is lost even if that particular trial setting is cancelled. However, no cases have been cited which so hold or suggest this is correct.

In *Cummings,* this court analyzed the history of section 2—1009 of the Code, stating:

"This statute and its former version, section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52), were designed to correct abuses possible under a predecessor statute, which allowed a plaintiff who feared an unfavorable result to voluntarily dismiss the proceedings at any time before the jury retired or, in a bench trial, before the case was submitted for decision. (Ill. Rev. Stat. 1931, ch. 110, par. 70; see *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 711, 415 N.E.2d 1196, 1199.) The legislative history of section 52 of the Civil Practice Act indicates the section, as originally drafted, permitted plaintiff to dismiss his action as of right no later than the time of defendant's answer or motion attacking the complaint. [Citation.] Although the Senate approved this version, the House amended the section to require that the motion be made before trial or hearing begins. (58th Ill. Gen. Assem., House Journal, 1933 Sess., at 1010.) The resulting statute reflected a compromise between two views: the view that a plaintiff has an unfettered ability to dismiss his case, and the view that the inconvenience and expense suffered by a defendant can thwart a plaintiff's right of dismissal. *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 711, 415 N.E.2d 1196, 1199." (*Cummings,* 167 Ill. App. 3d at 546-47, 521 N.E.2d at 636.)

It appears then, since the section was amended to prohibit dismissal when a plaintiff feared an unfavorable result after a trial commenced, that the section was directed at each trial setting. Once that particular trial setting has commenced, then the right to dismissal is curtailed so as to prevent a plaintiff from dismissing a case in midtrial if

the proceedings appear to go against him. However, the right to dismissal before commencement of that particular trial setting is not affected. Thus, if a trial is set and commenced but, for some reason is cancelled, the right to absolute dismissal is still available. To an extent, defendant acknowledges this in argument on the second issue where it states that "cases have held that a plaintiff's right to voluntary dismissal 'before trial' revests following a mistrial." Similarly, it appears that if a trial is commenced and cancelled for any reason, the absolute right to dismissal revests until the next trial setting.

## II

■ Defendant next argues that plaintiffs' absolute right to dismissal should be curtailed since plaintiffs' counsel deliberately caused the mistrial. Defendant acknowledges that cases have held the absolute right to dismissal revests after a mistrial. Defendant cites no cases for this proposition, nor could any be found. However, this rule appears logical because a mistrial vitiates all the proceedings up to that time, and the legal effect is equivalent to no trial at all. (*Haywood v. Swift & Co.* (1964), 53 Ill. App. 2d 179, 181, 202 N.E.2d 880, 881; 34 Ill. L. & Prac. *Trials* §21 (1958).) Defendant asserts an exception should be created where counsel's deliberate conduct has created the mistrial.

Defendant relies on two recent supreme court cases, *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, and *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932, for the propositions that the right to pretrial dismissal is not absolute, and it will not be given full effect where it would cause great harm or prejudice to the defendant. However, these cases appear limited to their particular facts. In each case, prior to plaintiffs' motion for voluntary dismissal pursuant to section 2—1009, the defendant had moved to dismiss the complaint with prejudice pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). The court, in reconciling these competing provisions, determined that pursuant to separation-of-powers analysis, the trial court must rule on the Rule 103(b) motion before granting a voluntary dismissal.

Plaintiffs simply respond that *O'Connell* and *Muskat* are limited to their particular facts. Plaintiffs maintain the right to pretrial dismissal outside those circumstances is thus absolute.

While it is clear the *O'Connell* and *Muskat* opinions restricted the absolute right to dismissal, these cases appear limited to their facts. The supreme court in a decision prior to these stated:

"At common law, the plaintiff could voluntarily dismiss without

prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced. [Citation.] Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307-08, 472 N.E.2d 787, 789.

Appellate courts which have addressed this question have continually found *O'Connell* limited to its facts and relied on the quoted language in *Kahle* in determining that they should not limit the right to a plaintiff's section 2—1009 dismissal. For example, the court in *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634, relied on *Kahle* in refusing to extend the *O'Connell* holding to motions for summary judgment. (See also *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776; *Russ v. Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032; *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589 (involving a motion to dismiss under section 2—615).) Thus, it appears clear *O'Connell* does not give defendant the authority it seeks.

Defendant's true position seems to be that it is inequitable to allow plaintiffs to manipulate and abuse the system. Section 2—1009 was devised to prohibit plaintiffs from dismissing their cases once a trial starts and it goes badly for them. (*Cummings,* 167 Ill. App. 3d at 546, 521 N.E.2d at 636.) Defendant insists plaintiffs are avoiding the policy of section 2—1009 by intentionally creating a mistrial and moving for a dismissal after the mistrial was ordered. While there is merit to the argument, it has been broadly held that the voluntary dismissal statute grants plaintiffs the absolute privilege to dismiss regardless of the circumstances or motive. (*Rohr,* 153 Ill. App. 3d at 1015, 506 N.E.2d at 636.) In *Rohr,* the court addressed this question and observed:

"We are told by defendants that the privilege of voluntary dismissal has been abused and has become a device the use of which defeats the goal of expeditious administration of justice. They question why an action which is pending for seven years without presenting a viable claim should be so protected after the defendants have expended substantial costs and efforts to defend a meritless claim and extricate themselves from what may become interminable litigation, considering that plaintiff is a minor.

Whether abuse exists turns, of course, on the view of the

litigants. The arguments advanced by defendants were considered by the court in *Kahle.* Considering that the privilege of voluntary nonsuit existed at common law in a more extensive form and has existed by statute in Illinois for many years (see Ill. Ann. Stat., ch. 110, par. 2—1009, Historical and Practice Notes, at 416-18 (Smith-Hurd 1983)), we believe any further restriction of the privilege of voluntary dismissal should be addressed to the General Assembly or to the supreme court should it extend the holding of *O'Connell.*" *Rohr*, 153 Ill. App. 3d at 1017, 506 N.E.2d at 637.

It appears that regardless of the nature of counsel's conduct, plaintiffs are entitled to the dismissal.

Affirmed.

KNECHT and GREEN, JJ., concur.