FIFTH DIVISION

September 18, 1998

No. 1-97-1973

SCATTERED CORPORATION,             )         Appeal from

             )      the Circuit Court

Plaintiff-Appellant, )       of Cook County.

)

v. )       No.  93-L-10216

                               )

MIDWEST CLEARING CORPORATION, )          Honorable

)       Sheldon Gardner,

Defendant-Appellee. )       Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Appellant, Scattered Corporation (Scattered), appeals from the circuit court's order entered pursuant to Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)), awarding the Midwest Clearing Corporation $135,756.11 as reimbursement for the reasonable expenses incurred in defending a lawsuit brought by Scattered after Scattered chose to voluntarily dismiss the suit, without prejudice, pursuant to section 2-1009(a) of the Illinois Code of Civil Procedure.  735 ILCS 5/2-

1009(a) (West 1996).  Scattered also appeals from the circuit court's denial of its oral motions to stay the judgment, to withdraw its voluntary dismissal, and to file a third-amended complaint.  For the reasons that follow, we reverse.

On August 23, 1993, Scattered filed suit against the Midwest Clearing Corporation (the MCC) alleging conversion and breach of 

contract.  Trial was first scheduled for April 16, 1996.  On April 4, 1996, the MCC filed a motion to disqualify Scattered's counsel.  The court granted the motion and rescheduled the trial date to July 8, 1996.  On June 20, 1996, the court entered an order granting Scattered's motion to vacate the July 8, 1996, trial date and entering and continuing the date for amended pretrial materials.

Status of the case was continued until December 17, 1996, at which time the court entered two orders, one setting the final pretrial conference and one setting the trial date.  The court order setting the pretrial conference indicated:  (1) all discovery was closed except for two pending expert depositions; (2) the parties were to identify to each other all anticipated witnesses, documents, exhibits, and motions 
in
 
limine
 by February 14, 1997; (3) the parties were to exchange objections and stipulations to pretrial materials and provide copies to the court by February 28, 1997; and (4) the final pretrial conference was scheduled for March 20, 1997.  The court's second order set the trial date for March 31, 1997, with trial to be concluded no later than April 18, 1997.  

On January 10, 1997, Scattered filed a motion to voluntarily dismiss the case, without prejudice.  735 ILCS 5/2-1009(a) (West 1996).  The MCC responded by filing a petition for reimbursement of its reasonable expenses pursuant to Supreme Court Rule 219(e).  166 Ill. 2d R. 219(e) (amended June 1, 1995, eff. January 1, 1996).  On January 30, 1997, the circuit court set a briefing schedule on the applicability of Supreme Court Rule 219(e) and struck the substantive pretrial and trial dates.

The MCC's petition in support of its Rule 219(e) request documented $145,756.11 in expenses, comprised of discovery expenses, opinion witness expenses, reproduction costs, computer research, court fees, travel expenses, telephone and facsimile charges, and delivery and postage charges incurred by the MCC's two law firms.  Scattered filed a memorandum in opposition to the MCC's Rule 219(e) petition arguing that, as a matter of law, Rule 219(e) only concerned voluntary dismissals seeking to avoid discovery obligations.    

On April 23, 1997, the circuit court began a hearing on Scattered's motion to voluntarily dismiss and the MCC's petition for Rule 219(e) expenses.  Before the court, Scattered claimed it owed nothing more than the appearance costs due under section 2-1009 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-1009 (West 1996).  The circuit court entered an order continuing Scattered's motion for voluntary dismissal, granting the MCC's petition for Rule 219(e) expenses subject to a finding of reasonableness, and entitling Scattered to review the MCC's supporting records to the requested expenses.  The court reserved ruling on the necessity for further discovery and continued the hearing until May 16, 1997.  

   On May 16, 1997, the court reconvened the hearing.  After framing the issues and conducting an evidentiary hearing considering each category of expenses, the supporting documentation, and the objections thereto, the court awarded the MCC $135,756.11 as reasonable expenses.  Scattered then made an oral motion for a continuance to decide whether to withdraw its voluntary dismissal, which the court refused.  Scattered next asked for a continuance to amend its complaint, which the court also denied.  The circuit court then entered a written final judgment and order requiring Scattered to pay to the MCC $135,756.11 as reasonable expenses incurred by the MCC in defending the action as a condition of the court granting Scattered's motion to voluntarily dismiss without prejudice.  The written order also denied Scattered's oral motions to stay the judgment, to withdraw its dismissal, and to amend its complaint. 

On appeal, the parties contend that interpretation of Supreme Court Rule 219(e) in this case presents two issues.  First, may a "set trial date" constitute a "discovery deadline, order, or applicable rule" for purposes of assessing expenses pursuant to Rule 219(e) when a suit is voluntarily dismissed?  And, second, does Rule 219(e) require the circuit court to make a preliminary finding that the plaintiff's voluntary dismissal was sought to "avoid compliance" with a "discovery deadline, order, or applicable rule"?  Because interpretation of Supreme Court Rule 219(e) involves a question of law, our review of the circuit court's interpretation is 
de
 
novo
.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 12, 678 N.E.2d 1009, 1015 (1996).

Supreme Court Rule 219 is entitled "Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences."  134 Ill. 2d R. 219.  Paragraph (e) of Rule 219, entitled "Voluntary Dismissals and Prior Litigation," provides:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit.  In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party.  The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, opinion witness fees, reproduction costs, travel expenses, postage, and phone charges."  166 Ill. 2d R. 219(e) (amended June 1, 1995, eff. January 1, 1996).

On appeal, Scattered contends that Rule 219(e) is confined to discovery deadlines, discovery orders, and discovery rules and requires an initial finding of misconduct by the trial court before expenses may be imposed.  In contrast, the MCC argues that Rule 219(e) does not confine the imposition of expenses solely to orders and rules relating to discovery and, further, the circuit court need not enter a threshold finding of misconduct before imposing such expenses.  Because this appeal may be resolved by addressing the issue of whether the circuit court must make a preliminary finding of misconduct before imposing expenses pursuant to Rule 219(e), we need not decide whether, in any given case, a set trial date could constitute a discovery deadline, order, or applicable rule for purposes of imposing expenses for an effected voluntary dismissal pursuant to Rule 219(e).
(footnote: 1)  

Thus, we turn to the threshold issue.  Scattered argues that Rule 219(e) requires the circuit court to make a preliminary finding of misconduct before it can impose expenses for a plaintiff's voluntary dismissal which "avoid[s] compliance" with particular "discovery deadlines, orders or applicable rules."  In contrast, the MCC argues that the third sentence of the rule indicates the circuit court's unlimited discretion in assessing such expenses.  Thus, according to the MCC, a preliminary finding of misconduct is not required and the court may impose expenses to compensate for the inconvenience to the opposing party any time a plaintiff voluntarily dismisses the suit.

Interpretation of supreme court rules requires application of the same principles used to construe statutes enacted by the legislature.  
In re Estate of Rennick
, 181 Ill. 2d 395, 404, 692 N.E.2d 1150, 1155 (1998), citing 134 Ill. 2d R. 2, Committee Comments.  Thus, the court should first look to the plain language of the rule and consider the rule in its logical context.  
Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 111, 610 N.E.2d 1250, 1253 (1993); 2A N. Singer, Sutherland on Statutory Construction §46.05, at 103 (5th ed. 1992).  If the rule is then ambiguous, the court may consider other sources, including the Committee Comments, to ascertain the purpose of the rule.  
Wright v. Desate, Inc.
, 292 Ill. App. 3d 952, 954, 686 N.E.2d 1199, 1201 (1997).  

The parties are correct that the "avoid compliance" wording of Rule 219(e) is susceptible to reasonably divergent interpretations.  By definition, a voluntary dismissal necessarily "avoids" all further litigation obligations.  We thus turn to the Committee Comments, which provide:

"Paragraph (e) addresses the use of voluntary dismissals to avoid compliance with discovery rules or deadlines, or to avoid the consequences of discovery failures, or orders barring witnesses or evidence.  This paragraph does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal.  However, this paragraph does clearly dictate that when a case is refiled, the court shall consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred.  The consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal.  Paragraph (e) further authorizes the court to require the party taking the dismissal to pay the out-of-pocket expenses actually incurred by the adverse party or parties.  This rule reverses the holdings in 
In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989
, 259 Ill. App. 3d 231, 631 N.E.2d 1302 (1st Dist. 1994), and 
Galowich v. Beech Aircraft Corp.
, 209 Ill. App. 3d 128, 568 N.E.2d 46 (1st Dist. 1991).  Paragraph (e) does not provide for the payment of attorney fees when an action is voluntarily dismissed."  166 Ill. 2d R. 219(e), Committee Comments, at cxiv.

Of particular resonance in the Committee Comments is the statement, "The consequences of noncompliance with discovery deadlines, rules or orders cannot be eliminated by taking a voluntary dismissal."  166 Ill. 2d R. 219(e), Committee Comments, at cxiv.  We believe the committee's emphasis on "noncompliance" indicates that the voluntary dismissal must involve some disobedience on the plaintiff's part.  This interpretation is further supported by the Committee Comment reference to 
In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989
, demonstrating the committee's concern with perceived abuses of the discovery system.
(footnote: 2)  

In 
In re Air Crash Disaster
, 
the circuit court allowed the plaintiffs in a consolidated 23-case mass tort litigation to voluntarily dismiss despite the court's determination that the motion was filed to avoid discovery deadlines and cut-offs when trial was scheduled for four months later.  
In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989
, 259 Ill. App. 3d at 233-34, 631 N.E.2d at 1305.  In affirming in part, the appellate court determined that the circuit court had no tools with which to prevent such abuse of the discovery system because "discovery abuse has not been identified by the legislature or supreme court as a basis for eliminating or restricting the right to nonsuit."  
In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989
, 259 Ill. App. 3d at 235, 631 N.E.2d at 1306.  

Based upon the language of Rule 219(e) and illumination from the Committee Comments, we find that Rule 219(e)'s reference to voluntary dismissals taken to "avoid compliance" with "discovery deadlines, orders, or applicable rules" (166 Ill. 2d R. 219(e)) requires the circuit court to make a preliminary finding of misconduct, analogous to the "unreasonable noncompliance" standard invoked in Rule 219(c) cases (166 Ill. 2d R. 219(c)), before imposing expenses pursuant to Rule 219(e).  See 
Shimanovsky v. General Motors Corp.
, 181 Ill. 2d 112, 120-21, 692 N.E.2d 286, 289-90 (1998).  To determine whether the noncompliance is unreasonable, the standard is whether the conduct of the noncomplying party shows a deliberate, contumacious or unwarranted disregard for the court's authority.  
Blott v. Hanson
, 283 Ill. App. 3d 656, 662, 670 N.E.2d 345, 349 (1996).

This construction of Rule 219(e) is consistent with the language and spirit of the authority vested in the circuit court pursuant to Supreme Court Rule 219 generally and Rule 219(c) in particular.  
Sander v. Dow Chemical Co.
, 166 Ill. 2d 48, 64, 651 N.E.2d 1071, 1079 (1995).  We note the concern with perceived abuses of the discovery system evidenced in cases decided under Rule 219(c).  
Sander
, 166 Ill. 2d at 64, 651 N.E.2d at 1079.  While the continuum of sanctioned conduct under Rule 219(c) ranges from unexplained failure to comply with discovery (
Kellett v. Roberts
, 276 Ill. App. 3d 164, 175, 658 N.E.2d 496, 505 (1995)) to repeated and deliberate, contumacious disregard of the court's authority (
Sander
, 166 Ill. 2d at 68, 651 N.E.2d at 1081), we believe the purposes behind Rule 219(c) and Rule 219(e) are similar.  

Consequently, Rule 219(e) does not act as a bar to a plaintiff's statutory right to a voluntary dismissal.  735 ILCS 5/2-1009(a) (West 1996); 
Wright v. Desate, Inc.
, 292 Ill. App. 3d 952, 954, 686 N.E.2d 1199, 1201 (1997).  Rule 219(e) does, however, curtail a plaintiff's use of the voluntary dismissal as a dilatory tactic.  We believe that Rule 219(e) targets those strategic and tactical litigation decisions which, having crossed the line of vigorous advocacy, become decisions aimed no longer at besting the opposing party but rather at undermining the integrity of the judicial system.

This interpretation of Rule 219(e) as a tool for the circuit court to combat perceived abuses of the discovery system is grounded in prior decisions of our supreme court.  "The trial judge must consider the importance of maintaining the integrity of our court system.  It is this integrity that equips the trial judge with the authority to protect competing interests."  
Sander
, 166 Ill. 2d at 68, 651 N.E.2d at 1081.  Likewise, as Justice Underwood noted in his dissent to the 
Galowich I
 opinion:

"Given the questions regarding abuses of discovery and the possible unfairness of a voluntary dismissal and refiling prompted by a desire to avoid trial, I would implement what seems to me the clear purpose of section 52 of the Civil Practice Act and our Rule 208(d) by holding the trial judge vested with discretion to tax as costs such of the deposition fees and charges as, in the exercise of sound discretion, he deems appropriate, irrespective of whether those depositions were used at trial.  Wisely exercised, that authority can be an effective remedy for such problems as may exist in this area."  
Galowich I
, 92 Ill. 2d at 170-71, 441 N.E.2d at 324 (Underwood, J., dissenting, joined by Ryan, C.J., and Ward, J.).  

Finally, in this light, the expenses authorized under Rule 219(e) serve not as a sanction 
per
 
se
, but rather as a deterrent to the dilatory and manipulative use of a plaintiff's voluntary dismissal.  This prophylactic intent is consistent with the purpose behind Rule 219(c) in encouraging compliance with the entire discovery process.  
Sander
, 166 Ill. 2d at 68, 651 N.E.2d at 1081.    

In the case before us, the circuit court made no finding of misconduct or unreasonable noncompliance with any court order.  The court further noted there had been no "allegation of dishonesty or bad conductment [
sic
]."  In fact, the court opined that the plaintiff's voluntary dismissal was strategically posited:  "I'm sure that you decided to dismiss very simply because it was a good strategic position."  Moreover, the MCC has presented no evidentiary basis to support the notion that Scattered's voluntary dismissal, standing alone, constituted "unreasonable noncompliance" with the set trial date.  While the MCC spends a great portion of its appellate brief detailing the contumacious activities of Scattered in the circuit court, those factual allegations are not properly introduced for the first time on appeal.  As evident from the disposition of this case, it is the province of the circuit court to make such factual determinations.  

Accordingly, presented only with the chronology of scheduled events, we observe that on December 17, 1996, the circuit court established a pretrial schedule requiring pretrial submissions in February 1997 and setting the trial date for March 31, 1997.  On January 10, 1997, Scattered filed its motion to voluntarily dismiss.  While the circuit court determined that this type of voluntary dismissal was contemplated by Rule 219(e), the court did not find that the dismissal itself, which necessarily avoided trial, evidenced unreasonable noncompliance with any discovery deadline, order or applicable rule by the plaintiff.

Because we find that the circuit court's imposition of expenses was erroneous in this case, we decline to reach the auxiliary issues regarding the court's denial of Scattered's oral motions to stay the judgment, withdraw its voluntary dismissal, and to amend the complaint.  Moreover, Scattered concedes it filed a new suit against the MCC and the Chicago Stock Exchange on September 26, 1997.  Thus, the propriety of the circuit court's denial of Scattered's oral requests has been rendered moot.  
Berlin v. Sarah Bush Lincoln Health Center
, 179 Ill. 2d 1, 8, 688 N.E.2d 106, 109 (1997).

Reversed.

HOFFMAN and HOURIHANE, JJ., concur.

FOOTNOTES
1:     
We recognize the competing purposes of the discovery rules in effecting discovery (
Sander v. Dow Chemical Co.
, 166 Ill. 2d 48, 68, 651 N.E.2d 1071, 1081 (1995)) with that of a plaintiff's virtually unfettered statutory right to voluntarily dismiss the case "any time before trial or hearing begins."  735 ILCS 5/2-1009(a) (West 1996); 
Gibellina v. Handley
, 127 Ill. 2d 122, 136, 535 N.E.2d 858, 866 (1989).  We also note the softening of the distinctions between discovery, pretrial procedure, and the beginning of trial for purposes of the circuit court's discretionary case management authority.  See 
Sander
, 166 Ill. 2d at 64, 651 N.E.2d at 1079; 
Shimanovsky v. General Motors Corp.
, 181 Ill. 2d 112, 692 N.E.2d 286 (1998); 
American Society of Lubrication Engineers v. Roetheli
, 249 Ill. App. 3d 1038, 621 N.E.2d 30 (1993).  See also 
In re Marriage of Ward
, 282 Ill. App. 3d 423, 430, 668 N.E.2d 149, 154 (1996) (decision to grant a motion for continuance pursuant to Supreme Court Rule 231 (134 Ill. 2d R. 231) lies within the discretion of the circuit court).

2:     
We note the parties' unified suggestion that the Committee Comments may erroneously refer to 
Galowich v. Beech Aircraft Corp.
, 209 Ill. App. 3d 128, 568 N.E.2d 46 (1991) (
Galowich II
), rather than 
Galowich v. Beech Aircraft Corp.
, 92 Ill. 2d 157, 441 N.E.2d 318 (1982) (
Galowich I
).  In 
Galowich I
, the Illinois Supreme Court held that Supreme Court Rule 208(d), which governs the imposition of deposition costs on the opposing party, did not allow such costs to be taxed unless those depositions were necessary for trial.  In 
Galowich II
, the appellate court considered, 
inter
 
alia
, what constituted "necessary use at trial" for purposes of complying with the dictates of 
Galowich I
.  While we tend to agree that 
Galowich II
 is merely an extension of the 
Galowich I
 holding, we note the ambiguity in the Committee Comment reference to 
Galowich II
 and decline to speculate as to the meaning
.