RONALD MORRISON *et al.*, Plaintiffs-Appellants, v. C.G. WAGNER, Defendant-Appellee (St. Mary's Hospital, Inc., *et al.*, Defendants).

Fourth District    No. 4—98—0497

Opinion filed June 30, 1999.

Rocco A. Marrese (argued), of Edwardsville, for appellants.

Jonathan H. Barnard (argued), of Law Offices of Jonathan H. Barnard, of Quincy, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In September 1994, plaintiff Ronald Morrison filed this medical malpractice action in the circuit court of Adams County against defendants C.G. Wagner, M.D., a radiologist, St. Mary's Hospital, Inc. (St. Mary's), and Michael Feely, M.D., a neurosurgeon. Plaintiff Sharon Morrison filed counts for claims of loss of consortium against each defendant. In June 1997, plaintiffs filed a motion to voluntarily dismiss their case without prejudice, pursuant to section 2—1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1009 (West 1996)), which the trial court denied "pursuant to [Supreme Court] Rule 219(e)" (166 Ill. 2d R. 219(e)).

On October 6, 1997, St. Mary's entered into a settlement agreement with plaintiffs, and the court entered an order of dismissal. Trial began on October 7, 1997, and on October 15 the court declared a mistrial as to defendant Feely. Trial resumed as to defendant Wagner, and on October 15, 1997, the jury returned a verdict in favor of Wagner. Plaintiffs filed motions for judgment notwithstanding the verdict (*n.o.v.*) and for a new trial. In May 1998, following a hearing, plaintiffs' posttrial motions were denied.

On appeal, plaintiffs argue that (1) the trial court abused its discretion in denying plaintiffs' motion for voluntary dismissal prior to trial, (2) the trial court erred in denying plaintiffs' motion for judgment *n.o.v.*, and (3) the trial court erred in denying plaintiffs' motion for a new trial. We agree that the trial court abused its discretion in denying plaintiffs' motion for voluntary dismissal.

I. BACKGROUND

In June 1997, pursuant to section 2—1009 of the Code, plaintiffs filed a motion to voluntarily dismiss their case without prejudice. At the time plaintiffs filed their motion for voluntary dismissal, the case had been pending for three years and was scheduled for trial in just a few months.

Plaintiffs failed to comply with numerous discovery requests over the three-year period until a motion to compel was filed in March

1997. In addition, in March 1997, plaintiffs failed to disclose expert witnesses in violation of court orders. In May 1997, shortly before the motion to voluntarily dismiss was filed, the court entered an order barring the testimony of two of plaintiffs' opinion witnesses because of plaintiffs' failure to disclose them in a timely manner. The court, noting the file was "replete with instances of dilatory conduct of plaintiffs' counsel," also limited the testimony of two other opinion witnesses.

Defendants St. Mary's and Feely objected to the motion to dismiss because plaintiffs did not allege that costs had been tendered to defendants. Plaintiffs filed an amended motion in June 1997, alleging that plaintiffs had tendered payment of costs to each defendant. Wagner, not filing an objection to plaintiffs' motion, filed instead a motion for an award of costs. After a hearing on the amended motion, the trial court denied the motion "pursuant to [Supreme Court] Rule 219(e)." 166 Ill. 2d R. 219(e). This appeal followed.

## II. ANALYSIS

■ The crucial question on appeal is whether the trial court had the discretion, pursuant to Supreme Court Rule 219(e), to deny the motion. We find it did not.

Section 2—1009 of the Code provides as follows:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2—1009(a) (West 1996).

This court has held this section provides an absolute right to dismissal, "regardless of the nature of counsel's conduct." *Kilpatrick v. First Church of the Nazarene*, 177 Ill. App. 3d 83, 88-89, 531 N.E.2d 1135, 1138-39 (1988); see also *Gibellina v. Handley*, 127 Ill. 2d 122, 137-38, 535 N.E.2d 858, 866 (1989) (trial court may hear and decide a motion which has been filed prior to a section 2—1009 motion and which, if favorably ruled on by the court, could result in a final disposition of the case. If that prior motion is without merit, the trial court must grant the subsequent section 2—1009 motion).

In *Gibellina*, the defendants asked the court to correct what they saw as an abusive situation where voluntary dismissal motions were being used to evade the consequences of a failure to comply with discovery. The court, however, refused to deny a statutory right merely because one party was dissatisfied with the circuit court's supervision of the litigation. *Gibellina*, 127 Ill. 2d at 133, 535 N.E.2d at 864.

Similarly, in *Crawford v. Schaeffer*, 226 Ill. App. 3d 129, 135-36, 590 N.E.2d 497, 501 (1992), the court recognized that "under current case law the right to nonsuit is virtually unassailable. Accordingly, we

hesitate to impose any restrictions, no matter how warranted by circumstances and policy, *absent guidance from the legislature or the supreme court.*" (Emphasis added.) Similarly, in this case, absent guidance from the legislature or the supreme court, we cannot impose any restrictions on plaintiffs' right to voluntarily dismiss.

■ The case law and statutory enactments reveal that nowhere has the legislature or the supreme court given the trial court the discretion to deny a plaintiff's right to voluntarily dismiss under section 2—1009 under these circumstances. Instead of taking away a plaintiff's right to obtain a voluntary dismissal, the supreme court has instead held plaintiffs accountable for discovery abuses. Accordingly, Supreme Court Rule 219, "Consequences of Refusal to Comply with Rules or Orders Relating to Discovery or Pretrial Conferences," has been revised to read in part:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders[,] or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." 166 Ill. 2d R. 219(e).

A close reading of the first sentence of Rule 219(e), above, reveals that this language does *not* say a party is prohibited from voluntarily dismissing a lawsuit to avoid compliance with discovery. A party *may* voluntarily dismiss a suit *but* he must face the consequences which are set forth in the second sentence. In addition, the court may, in the case being voluntarily dismissed, assess expenses heretofore not permitted to be assessed—"an opposing party['s] or parties['] reasonable expenses incurred in defending the action including but not limited to discovery expenses, opinion witness fees, reproduction costs, travel expenses, postage, and phone charges." 166 Ill. 2d R. 219(e).

In *Wright v. Desate, Inc.*, 292 Ill. App. 3d 952, 686 N.E.2d 1199 (1997), the trial court barred the evidence deposition of plaintiff's expert. Plaintiff filed a motion to reconsider which the trial court denied. Approximately one month before trial, plaintiff filed a motion to voluntarily dismiss, which the court granted. Finding the first sentence of Rule 219(e) ambiguous, the court looked to the committee comments. After considering the committee comments to Rule 219(e), the court found that it was clear that it could not interpret the rule "as imposing any limitation on a plaintiff's right to voluntarily dismiss a case"; rather, the rule "merely orders the consideration of prior discovery misconduct and previously entered discovery orders in a subsequently filed suit." *Wright*, 292 Ill. App. 3d at 954-55, 686 N.E.2d

at 1201-02. Moreover, the court refused to read the rule as requiring, "as a condition precedent to voluntary dismissal, that the plaintiff agree to be bound by prior discovery orders upon refiling the case. Such a condition would clearly impose a limitation on the plaintiff's right to voluntarily dismiss." *Wright*, 292 Ill. App. 3d at 955, 686 N.E.2d at 1201-02. Accordingly, it held "that the rule does not limit the plaintiff's right to voluntarily dismiss a suit." *Wright*, 292 Ill. App. 3d at 954, 686 N.E.2d at 1201.

■ The first sentence of Rule 219(e) is subject to more than one interpretation. When a statute is susceptible to more than one reasonable interpretation, it is considered ambiguous. *Wright*, 292 Ill. App. 3d at 954, 686 N.E.2d at 1201, citing *Snyder v. Olmstead*, 261 Ill. App. 3d 986, 634 N.E.2d 756 (1994). If a statute or rule is ambiguous, a court may consider other sources, such as its committee comments, to ascertain the purpose of the rule. *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 657-58, 702 N.E.2d 167, 170 (1998), citing *Wright*, 292 Ill. App. 3d at 954, 686 N.E.2d at 1201.

■ Upon consideration of the committee comments to Rule 219(e), it is clear that when amending Rule 219, the drafters did not intend in any way to compromise a plaintiff's right to a voluntary nonsuit. Specifically, the committee comments to Rule 219(e) state in relevant part: *"This paragraph does not change existing law regarding the right of a party to seek or obtain a voluntary dismissal."* (Emphasis added.) 166 Ill. 2d R. 219(e), Committee Comments, at cxiv. A clear indication that it was not the intent to abolish the right to a voluntary dismissal but merely to hold plaintiffs accountable is found in the comments on the instruction to the trial court when a case is refiled:

"[T]his paragraph does clearly dictate that when a case is refiled, the court *shall consider the prior litigation* in determining what discovery will be permitted, and what witnesses and evidence may be barred." (Emphasis added.) 166 Ill. 2d R. 219(e), Committee Comments, at cxiv.

While not taking away a plaintiff's right to voluntarily dismiss, the supreme court has armed the trial court with the discretion and authority to impose sanctions upon a plaintiff for noncompliance with discovery orders and abuses of discovery. The sanctions range from assessing monetary penalties, to dismissing the action with or without prejudice, to the court in a subsequent suit considering orders entered in prior litigation. 166 Ill. 2d Rs. 219(c), (e); see also *Clymore v. Hayden*, 278 Ill. App. 3d 862, 869, 663 N.E.2d 755, 758 (1996) (case dismissed with prejudice due to plaintiff's repeated failure to abide by discovery requests and orders). In *Clymore*, this court noted that the changes in the supreme court rules, effective January 1, 1996, "both

tighten the discovery process and give trial courts greater authority to govern it." *Clymore*, 278 Ill. App. 3d at 869, 663 N.E.2d at 759. Specifically, the court referred to Supreme Court Rule 219(c), which sets forth the sanctions available for violations of court orders or discovery rules in civil cases. *Clymore*, 278 Ill. App. 3d at 869, 663 N.E.2d at 759.

In *Scattered Corp.*, 299 Ill. App. 3d at 660, 702 N.E.2d at 171, the court held that "Rule 219(e) does not act as a bar to a plaintiff's statutory right to a voluntary dismissal. [Citations.] Rule 219(e) does, however, curtail a plaintiff's use of the voluntary dismissal as a dilatory tactic." Furthermore, the court determined that when faced with a party's failure to comply with discovery and court orders regarding discovery, Rule 219(e) clearly dictates that the trial court, in a refiled case, is to consider the previous litigation in determining what discovery will be permitted and what evidence and witnesses will be barred. *Scattered Corp.*, 299 Ill. App. 3d at 658, 702 N.E.2d at 170.

■ In the present case, plaintiffs filed a motion to voluntarily dismiss pursuant to section 2—1009. Interestingly, the only objection to this motion by defendants St. Mary's Hospital and Michael Feely, was on the ground that plaintiffs failed to allege that costs had been tendered to defendants; therefore, the motion should be denied. Wagner never objected at all. None of the defendants argued that plaintiffs were not entitled to the right to voluntarily dismiss.

If the trial court felt that plaintiffs, in this case, violated court orders and discovery rules, it had ample opportunity, and the authority, to dismiss this case under Rule 219(c) (166 Ill. 2d R. 219(c)). See *Clymore*, 278 Ill. App. 3d at 869, 663 N.E.2d at 759 (commending the trial court for having the courage to dismiss when confronted with deliberate noncompliance of court orders and rules); see also *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 71, 651 N.E.2d 1071, 1082 (1995) (the trial court had authority to sanction party per Rule 219(c) for violation of discovery rules and for violation of trial court's orders).

We conclude the trial court had no discretion, pursuant to Rule 219(e), to deny the plaintiffs' motion to dismiss. Because we find the trial court had no discretion to deny plaintiffs' motion to dismiss, we need not address plaintiffs' other two issues.

## III. CONCLUSION

Accordingly, for the reasons stated, we vacate the judgment and

remand with directions to the trial court for a hearing on plaintiffs' costs to defendants.

Vacated and remanded.

COOK, J., concurs.

JUSTICE McCULLOUGH, dissenting:

I respectfully dissent. Pursuant to its supervisory powers and managerial authority, the Supreme Court of Illinois has restricted the "absolute" right to dismissal. In *Gibellina*, 127 Ill. 2d at 137, 535 N.E.2d at 865-66, the court stated:

> "[A]n ever increasing number of plaintiffs are using a section 2—1009 motion to avoid a potential decision on the 'merits' or to avoid an adverse ruling as opposed to using it to correct a procedural or technical defect. [Citations.] It has become clear that the allowance of an unrestricted right to dismiss and refile an action in the face of a potentially dispositive motion is not only increasing the burden on the already crowded dockets of our courts, but is also infringing on the authority of the judiciary to discharge its duties fairly and expeditiously."

In *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327 (1986), the court stated that where a plaintiff, relying on sections 2—1009 and 13—217 (735 ILCS 5/13—217 (West 1994)) of the Code, files a motion to voluntarily dismiss while a Rule 103(b) (177 Ill. 2d R. 103(b)) motion is pending, the trial court must hear the Rule 103(b) motion on the merits prior to ruling on plaintiff's motion to dismiss under section 2—1009.

In *O'Connell*, the court placed certain limitations on a plaintiff's right to nonsuit and, while doing so, held that where a statute conflicts with a rule of the supreme court in such a way that the statute unduly infringes upon the court's constitutional authority to regulate the judicial system, the rule will control. *O'Connell*, 112 Ill. 2d at 281, 492 N.E.2d at 1326. The court noted the plaintiff's rights to voluntarily dismiss and refile his complaint under section 13—217 are subject to the reasonable diligence standard of Rule 103(b). In *Catlett v. Novak*, 116 Ill. 2d 63, 70, 506 N.E.2d 586, 590 (1987), the court again held there is no "absolute right" to voluntary dismissal under section 2—1009 when that section conflicts with supreme court rules. In *Arnett v. J.D. Young*, 269 Ill. App. 3d 858, 862, 646 N.E.2d 1265, 1268 (1995), the court stated "[n]othing is more critical than the administration of justice without delay, and central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it."

The rationale of *O'Connell* and *Catlett* is that the supreme court may not be thwarted in its constitutional mandate to render justice fairly and promptly by the manipulation of the statutory provisions relating to the dismissal and refiling of suits. *Muskat v. Sternberg*, 122 Ill. 2d 41, 48, 521 N.E.2d 932, 935 (1988).

In light of (1) the restrictions placed upon the "absolute right" to dismissal by decisions of the supreme court, (2) the conclusion in *Catlett* and *O'Connell* that there is no "absolute right" to voluntary dismissal under section 2—1009 when that section conflicts with a supreme court rule, and (3) the plain language of Rule 219(e) (166 Ill. 2d R. 219(e)) that "[a] party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit," it appears the *Wright* court's determination that Rule 219(e) "permits a voluntary dismissal even when the dismissal is prompted by discovery sanctions" is unnecessarily broad. *Wright*, 292 Ill. App. 3d at 953, 686 N.E.2d at 1200. Although the rule may permit a voluntary dismissal, it does not *require* a court to allow the dismissal. Clearly, the rule was written to control the abuses discussed in *Gibellina* and to comply with that court's suggestion that it was necessary to place restrictions on the right to voluntary dismissal. If a plaintiff is allowed the unfettered right to voluntarily dismiss, then the first part of Rule 219(e), "A party shall not be permitted to avoid compliance," is effectively rendered a nullity. 166 Ill. 2d R. 219(e).

Here, unlike in *Wright*, the trial court denied plaintiffs' motion to dismiss. In *Wright*, the trial court allowed the motion to dismiss, and the court on appeal addressed the question of whether the rule prohibited voluntary dismissal. In this case, this court is being asked to determine if the rule gives the court the discretion to deny a motion to dismiss where discovery rules have been violated. Consistent with the language of Rule 219(e), it is within the sanctioning power of the court to deny plaintiffs a voluntary dismissal, when it is done to avoid discovery orders or sanctions.

A review of the record in this case shows that plaintiffs had refused to comply with numerous discovery requests over the three-year period that the case had been pending, until a motion to compel had been filed on March 10, 1997. In addition, on March 24, 1997, the record shows plaintiffs failed to disclose expert witnesses in violation of court orders. On May 5, 1997, shortly before the motion to voluntarily dismiss was filed, the court entered an order barring the testimony of two of plaintiffs' opinion witnesses because of plaintiffs' failure to disclose them in a timely manner. The court, noting the file was "replete with instances of dilatory conduct of plaintiffs' counsel," also limited the testimony of two other opinion witnesses.

At the time plaintiffs filed their motion for voluntary dismissal, the case had been pending for three years and was scheduled for trial in just a few months. Aside from attorney fees, the costs incurred by defendants were substantial. It was only after unfavorable rulings in regard to expert opinion witnesses that plaintiffs filed their motion to dismiss.

Plaintiffs did not provide a transcript or a bystander's report of the hearing on the motion, and we must assume, therefore, the trial court acted correctly in denying the motion due to its determination that plaintiffs' counsel had engaged in continued violations of discovery. I conclude the trial court had the discretion to deny the plaintiffs' motion to dismiss under the circumstances and did not abuse that discretion here.

I would also affirm the trial court's denial of the plaintiffs' motion for judgment *n.o.v.* and the motion for new trial.